# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | Case No.: 2:18-cr-00363-JAD-EJY |
|---|---|
| Plaintiff | |
| v. | **Order Reviewing Magistrate Judge's Detention Order** |
| Jeremi Fajardo, | [ECF No. 65] |
| Defendant | |

Jeremi Fajardo is pending trial on a single count of being a felon in possession of a firearm. At his initial appearance, Fajardo was ordered detained pending trial. He has twice challenged that detention,[1] but his efforts were unsuccessful[2] and he remains detained. Fajardo now moves for review of the most recent rejection of his request for release, arguing that his medical conditions put him at heightened risk of peril from COVID-19 in custody and constitute compelling reasons for his temporary release under 18 U.S.C. § 3142(i).[3] The government opposes that motion, arguing that the magistrate judge properly concluded that Fajardo—a six-time felon with a history of supervision violations, who is alleged to have pistol-whipped another man during a fight and attempted to escape his handcuffs during his arrest—is a flight risk and a danger to the community.[4] Because I find that the magistrate judge properly denied Fajardo's § 3142(i) request, I reject his request for release.

---

[1] *See* ECF Nos. 21, 58 (motions).
[2] *See* ECF Nos. 24, 63.
[3] ECF No. 65.
[4] ECF No. 66.

**Background**

Fajardo stands charged with illegally possessing a 9 mm pistol just before Halloween in 2018.[5] He made his first appearance in this case that November on a writ of habeas corpus ad prosequendum because he was in state custody, and he was ordered detained pending trial.[6] The detention order cites as the bases for the detention determination: the strength of the evidence, Fajardo's criminal history and prior supervisory violations, and that "[i]t is reported the defendant struck the victim with a firearm and resisted arrest" and that he "currently has pending state court weapons charges."[7]

Fajardo first moved to reopen his detention order in March 2019, arguing that he should be released to his mother as a third-party custodian. The magistrate judge denied that request, noting that he had taken that option into consideration but ultimately "determined that no condition or combination of conditions would reasonably assure the safety of any other person and the community or [Fajardo's] appearance" because Fajardo "made statements indicating that he would rather have a 'shoot out' with police than go back to jail, and he attempted to escape from custody twice."[8] Fajardo did not seek review of that decision.

When the COVID-19 pandemic hit, Fajardo again moved to reopen his detention hearing, this time under 18 U.S.C. 3142(i), arguing that his medical conditions put him at heightened risk of contracting severe forms of the virus.[9] The government opposed the motion, arguing that

---

[5] ECF No. 1 (indictment).
[6] ECF Nos. 6 (writ); 14 (detention order).
[7] ECF No. 14 at 2–3.
[8] ECF No. 254 at 2.
[9] ECF No. 58.

2

COVID-19 does not tip the scales toward release for this dangerous, flight-risk defendant.[10] The magistrate judge agreed. After a hearing, he continued to deny release.[11]

Fajarado moves for review of that decision.[12] He argues that the magistrate judge erred by keeping Fajardo detained "because the danger COVID-19 presents to Mr. Fajardo in the Southern Nevada Detention Center is a compelling reason for release."[13] Fajarado adds that his mother is a willing third-party custodian and that his fear of contracting COVID "ensures" that he'll stay home and be compliant.[14] The government opposes the motion. It argues that the reasons for detaining Fajardo were strong; that his health concerns in the face of COVID-19 are not a compelling reason for release; that the detention center's mitigation efforts are sufficiently protecting Fajardo; and that his history of multiple felony convictions and supervision violations make it unlikely that he will avoid COVID-19 if released and not present a danger to the community—particularly because he'd be returning to the very environment from which he was committing the offense charged and faces a warrant for his pending state case.[15]

## Discussion

**A.  Standard for review of magistrate judge's detention order**

The district court's review of a magistrate judge's detention order is performed under a de novo standard.[16] "The district court is not required to start over in every case and proceed as

---

[10] ECF No. 61.
[11] *See* ECF No. 64 (transcript of 5/19/2020 hearing).
[12] ECF No. 65.
[13] *Id*. at 3.
[14] *Id*. at 8.
[15] ECF No. 66.
[16] *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).

3

if the magistrate's decision and findings did not exist."[17]  Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."[18]

**B.     Fajardo's request for release was properly denied.**

18 U.S.C. § 3142(i) authorizes the court to "permit the temporary release of" a pretrial detainee to "the custody of a U.S. Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason."  Historically, most § 3142(i) requests have been founded on trial-preparation needs.  But since COVID-19 hit, general fears about detention during the pandemic have prompted a wave of "compelling reason" motions like Fajardo's.  When evaluating such motions, district courts have focused on four factors: (1) the original grounds for the pretrial detention, (2) the defendant's specific COVID-19 concerns, (3) how well the proposed release plan will mitigate or exacerbate other COVID-19 risks, and (4) the likelihood that release will increase COVID-19 risks to others.[19]

Certainly, Fajardo's specific COVID-19 concerns are legitimate and serious.  This pandemic has created unprecedented challenges for all aspects of life, and for the corrections system particularly because social distancing is not realistic in detention centers.  Fajardo's medical conditions could increase his risk of experiencing more serious effects of COVID-19.  These considerations stack up in favor of finding compelling reasons for release.

---

[17] *Id.* at 1193.

[18] *Id.*

[19] *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

But the other factors all weigh heavily against a compelling-reason release under 18 U.S.C. § 3142(i). Fajardo's plan to be released to the third-party custodianship of his mother will likely not mitigate his COVID-19 risk. Fajardo has not shown that his risk of contracting COVID-19 is greater at the Nevada Southern Detention Center (NSDC) than in the community at large. Nevada is currently experiencing a surge of COVID-19 cases, with a 16.2% daily positivity rate,[20] and Fajardo reported that he lived at his mother's home with nine other people. Fajardo has not established that such living conditions will provide protection from COVID-19. On the other hand, the NSDC has implemented a comprehensive plan to combat the spread of the virus, and few inmates have been infected.

Although Fajardo claims that his own fear of contracting the virus "ensures he'll simply stay home, minimizing risks of flight and danger to the community," his historical inability or unwillingness to comply with instructions and conditions heralds otherwise. Fajardo's pretrial services report reflects multiple failures to appear, probation violations, and probation revocations. It is also alleged that he possessed the firearm charged in this case while on pretrial release for a state-court weapons offense. And the added benefit of having Fajardo's mother serve as his third-party custodian seems meaningless when I consider that he lived with her at the time he committed this offense.

But the biggest roadblocks in Fajardo's pursuit of a compelling-reasons release are the original grounds for his pretrial detention, which remain strong. His detention order notes as reasons to detain him the weight of the evidence against him, his numerous prior supervision violations, and a significant criminal history.[21] It adds that "[i]t is reported the defendant struck

---

[20] https://nvhealthresponse.nv.gov/, last visited 7/30/2020.

[21] ECF No. 14 at 2–3.

5

the victim with a firearm and resisted arrest" and that Fajardo had "pending state court weapons charges."[22] Fajardo is charged with being a six-time felon in possession of a firearm.[23] He admitted to probation that he habitually uses methamphetamine. And pretrial services was advised that Fajardo resisted arrest, attempted to escape his handcuffs with a key he had in his possession, and told the arresting officers that he had every intention of shooting them. So the magistrate judge had overwhelming reasons to find by clear and convincing evidence that no condition or combination of conditions of release could reasonably assure the safety of the community, and by a preponderance of the evidence that no conditions could reasonably assure Fajardo's appearance.[24]

Having reviewed de novo the magistrate judge's denial of Fajardo's request for release under section 3142(i), I find that the weight of the factors tips sharply against a compelling reason for release and that the magistrate judge properly denied Fajardo's motion. IT IS THEREFORE ORDERED that the Motion for Review of Honorable Magistrate Judge Ferenbach's Detention Order **[ECF No. 65] is GRANTED only to the extent that the detention order was reviewed but DENIED in all other respects.**

Dated: July 31, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[22] *Id*. at 3.
[23] ECF No. 1.
[24] ECF No. 14 at 2.